Van Yoest, J.
— The second subdivision of section 872 of the Code, provides that the affidavit to procure an order for such examination should state the nature of the action, and the substance of the cause of action, and of the judgment demanded therein.
The affidavit used on this occasion does not truly contain these requirements. It is left indeterminate whether the plaintiff proceeds upon the breach of a contract or for a conversion of the shares of stock. The affidavit does not in terms *445 show that any contract between the intestate and the defendants had been broken, or that there has been a conversion of the shares purchased by the defendants for the intestate. There is no necessary implication arising from the facts stated in the affidavit that the defendants have done, or refused to do, anything which would give the plaintiff, as administrator, &c., a cause of action against the defendants.
The defendants, who are brokers, purchased certain shares of stock for the intestate, a part of which they afterwards sold by his direction. The prices at which the stock was sold they reported to the intestate, who afterwards paid to the defendant in full their account rendered for the purchase of the shares which the defendants reported they had in their possession for him. After the death of the intestate the plaintiff as administrator, &c., demanded the shares, and the defendants tendered them certificates for the number of shares claimed to have been purchased, bearing date the 21st day of October, 1884. The shares of stock purchased for the account of the intestate were bought or ordered to be bought in May, 1881. These shares were refused by the plaintiff. The plaintiff in his affidavit avers his ignorance as to whether the defendants purchased any shares of stock for the decedent, or whether they sold him shares of their own. They are ignorant as to whether the defendants sold and converted the decedent’s shares, or whether they used them in their own business as their own, and is therefore unable to frame a complaint. In other words the plaintiff is ignorant as to whether he has a cause of action. But such want of knowledge on his part is no justification for the order in question. He should know before commencing his action the true cause thereof, and its substance should be set out. The mere fact that the defendants, upon the plaintiff’s request, delivered to him shares of stock, the certificate of which bore a recent date, does not show either that the defendant had converted the decedent’s shares, or that they did not have at all times in their possession sufficient shares of the stock in question to answer the *446 demand of the decedent in his lifetime, or the plaintiff after his death.
Unless there was an express agreement that the defendants would hold the decedent’s shares for him, a sale thereof, if they still had remaining in their possession a sufficient number of shares to replace the decedent’s shares when demanded, the defendants would not be liable for any damages (Zaussig agt. Hart, 58 N. Y., 429; Levy agt. Loeb, 85 N. Y., 365).
The latter case does not conflict with the former on this point. The defendants may have had the decedent’s shares standing in their own name, the same being so placed after they had purchased the same for him, they being entitled to hold the same for the sum remaining unpaid thereon, and upon the plaintiff’s request transferred the same and obtained a new certificate therefor. In the absence of any allegation to the contrary it is not necessary or proper to indulge in an implication of either breach of duty or positive wrong on the defendants’ part. Such implication can only arise, when the facts stated give rise to such an implication necessarily, and that is not this case. I have not deemed it necessary to consider the defendants’ affidavit which was submitted on the motion which of itself dispels such implication, but have considered the plaintiff’s affidavit exclusively.
The motion to vacate the order is granted.